IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 21-00110-KD-N |
| | ) |
| DUSTIN DEWAYNE GILBERT, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The competency hearing pursuant to 18 U.S.C. § 4247(d) for Defendant Dustin Dewayne Gilbert was held on July 24, 2023. Defendant Gilbert, his defense counsel Assistant Federal Defender Fred Tiemann and Assistant United States Attorney Justin D. Roller were present. Prior to the hearing, the Court and the parties received a copy of the Forensic Evaluation from the Federal Medical Center in Butner, South Carolina (doc. 42) and the Certification of the Warden (doc. 42-1). The Evaluation and the opinions contained therein were the only evidence offered with respect to Gilbert's competency to proceed to trial. The Forensic Psychologist found that Gilbert possessed a "factual and rational understanding of the proceedings against him, appreciates his situation in reference to those proceedings, is able to maintain appropriate courtroom behavior, and is able to assist in his defense in a reasonable, rational manner" with caution that his status is contingent on compliance with medication (doc. 42, p. 18).

"The Due Process Clause of the Fifth Amendment requires that a defendant be mentally competent to be tried or convicted." United States v. Harris, 741 Fed. Appx. 663, 667 (11th Cir. 2018) (citing United States v. Rodriguez, 751 F.3d 1244, 1252 (11th Cir. 2014)). Gilbert shall be considered mentally competent to stand trial if found to have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as

well as factual understanding of the proceedings against him." <u>Dusky v. United States,</u> 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960); <u>Perkins v. United States</u>, --- F. 4th ---, 2023 WL 4418635, at *7 (11th Cir. July 10, 2023) ("The determination of competence asks 'whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'") (quoting <u>Medina v. Singletary</u>, 59 F.3d 1095, 1106 (11th Cir. 1995)( quoting <u>Dusky v. United States</u>, 362 U.S. 402)); <u>United States v. Evans</u>, 332 Fed. Appx. 561, 562 (11th Cir. 2009) (same). <u>See also Godinez v. Moran</u>, 509 U.S. 389, 401 n.12, 113 S. Ct. 2680, 2687 (U.S. 1993) ("the question is whether [the defendant] has the ability to understand the proceedings").

Upon consideration of all matters presented, including the opinion of the Forensic Psychologist, which the Court adopts as the opinion of the Court, and the parties' respective positions as set forth at the hearing, the Court finds by a preponderance of the evidence that Gilbert is not "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" 18 U.S.C. § 4241(d). Therefore, Gilbert is competent to proceed.

After the Court determined that Gilbert was competent to proceed, he orally moved to withdraw his notice of insanity defense (doc. 12). The motion was GRANTED.

DONE and ORDERED this 24th day of July 2023.

                                    <u>s / Kristi K. DuBose</u>
                                    KRISTI K. DuBOSE
                                    UNITED STATES DISTRICT JUDGE