IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 21-00110-KD-N |
| ) | |
| DUSTIN GILBERT, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This action is before the Court on Defendant Dustin Gilbert's Bruen-Based Motion to Dismiss (doc. 44). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

I. Background

Defendant Gilbert was indicted for the offense of prohibited person in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1) (doc. 1). The statute prohibits the possession of a firearm by anyone who has been convicted of a crime punishable by imprisonment for more than one year. Previously, Gilbert had been convicted of Theft of Property, First Degree, a crime punishable by imprisonment for a term exceeding one (1) year, in the Circuit Court of Baldwin County, Alabama. Gilbert filed a Bruen-Based Motion to Dismiss asserting that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment (doc. 44).

II. Analysis

Relying primarily upon the decisions in New York State Rifle & Pistol Ass'n v. Bruen, -–- U.S. —, 142 S. Ct. 2111, 213 L.Ed.2d 387 (2022), which established a new two-step method for evaluating the constitutionality of firearm regulations, and Range v. United States, 69 F. 4th 96 (3rd Cir. June 6, 2023), Gilbert argues that 18 U.S.C. § 922(g)(1) is unconstitutional, facially and as applied to him, because the statute violates the Second Amendment to the United States'

Constitution.

However, in <u>United States v. Rozier</u>, 598 F. 3d 768 (11th Cir. 2010), the Eleventh Circuit rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(1). <u>Rozier</u> remains binding precedent in this circuit. <u>See United States v. Hunter</u>, --- F. Supp. 3d. ---, 2022 WL 17640254, n.1 (N.D. Ala. 2022) (J. Proctor) ("The question facing this court today is whether <u>Rozier</u> is still good law in light of the Supreme Court's recent ruling in [<u>Bruen</u>]. After careful review, the court concludes that it is. Because <u>Rozier</u> has not been clearly overruled or undermined to the point of abrogation, this court is bound by that decision's holding that § 922(g)(1) does not violate the Second Amendment.") (denying the motion to dismiss the indictment filed by defendant who was indicted for violating 18 U.S.C. § 992(g)(1)). Moreover, by reaffirming and adhering to its reasoning in <u>District of Columbia v. Heller</u>, 554 U.S. 570, 128 S. Ct. 2783, 171 L.Ed.2d 637 (2008) and <u>McDonald v. City of Chicago, Il</u>., 561 U.S. 742, 130 S. Ct. 3020, 177 L.Ed.2d 387 (2010), the Supreme Court in <u>New York State Rifle & Pistol Ass'n v. Bruen</u>, did not change the regulatory framework that prohibits felons from possessing firearms.

DONE and ORDERED this the 24th day of July 2023.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE